## Case No. 3,305.

### COX v. RAMSDELL et al.

[4 Ban. & A. 326.] [1]

Circuit Court, D. Massachusetts. June Term, 1879.

PATENTS—"BOOT-TREES"—VALIDITY—INFRINGEMENT.

Letters patent No. 170,462, dated November 30, 1875, for boot-trees, and letters patent No. 170,980, dated December 14, 1875, for boring-machines, both granted to George W. Badger, *held* valid, and infringed by the defendants.

[This is a suit in equity brought by George P. Cox against Charles Ramsdell and others to restrain infringement of letters patent Nos. 170,462 and 170,980, granted to George W. Badger, November 30, 1875, and December 4, 1875, respectively.]

T. L. Wakefield, for complainant.

T. W. Clarke, for defendants.

LOWELL, Circuit Judge. The plaintiff brings his suit for the infringement by the defendant of two patents; No. 170,462, dated November 30, 1875, is for an improved boot-tree for making india-rubber boots, and the improvement consists in the very simple contrivance of making a rectangular hole for a rectangular nut, instead of undertaking to put a square nut in a round hole, which is proverbially unsatisfactory. Both inventions were made by one Badger, who was in the employ of the plaintiff, and were assigned to him before the patents were issued. The evidence satisfies me that the change is a useful one in the manufacture of this kind of boot-trees. There is some doubt whether it is new with the plaintiff's assignor; but upon the whole evidence, the defendants have failed to satisfy me that it is not. Of the infringement I entertain no doubt.

The other patent is No. 170,980, dated December 14, 1875, for an improvement in machines for boring certain holes needed in the foot part of these boot-trees, one of which is the rectangular hole above mentioned. The machine consists of two parts, and the claims are and must be for combinations, because all the elements of boring machinery used in them are old, and were familiar to mechanics in 1875. The first and third claims are charged to be infringed. The first is for an arrangement or combination for boring the vertical hole in the foot part of the boot-tree, being a continuation of the hole which is bored in the leg part, the two being used for inserting the bolt by which the foot and leg are joined or clamped together during the use of the entire boot-tree in making the india-rubber boot.

Considering the first claim as one for a combination, I think the defendants have succeeded in evading it by omitting the stop "m" from the combination. It is said that

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

the table operates as a stop, which is true in a certain sense; but it is more accurate to say that the arrangement is such that no distinct stop is needed, but the table suffices for the work without a stop.

The third claim is for the combination or arrangement for boring the horizontal hole in which the nut is to be inserted. I have had much doubt whether there was any patentable novelty in this part of the machine, considering the state of the art. But construing it very narrowly as a combination claim, I think it may be sustained, as a slight variation in arrangement from any machine which is proved to have existed before. No doubt the idea of boring this hole by machinery was new; and I think there was a new arrangement of machinery. I consider that the evidence makes out a pretty clear case of infringement, even when the clamp is used, because the clamp appears to be a mere substitute and a known one for the holding device of the third claim. The decree then will be, that patent No. 170,462 is infringed; that the third claim only of patent No. 170,980 is infringed, and for an injunction and an account so far as infringement has been found.